UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:11-cv-21303

GREAT LAKES REINSURANCE (UK) PLC, as subrogee of
ORLANDO TORRES,

       Plaintiff,

vs.

                   **COMPLAINT**

MIAMI-DADE COUNTY, a political subdivision
of the State of Florida, and MIAMI-DADE COUNTY
PARK AND RECREATION DEPARTMENT,

       Defendants.
_____/

  Plaintiff, Great Lakes Reinsurance (UK) PLC, as subrogee of Orlando Torres, by and through its counsel, Bennett, Giuliano, McDonnell, & Perrone, LLP, hereby files its Complaint against Defendants, Miami-Dade County and Miami-Dade County Park and Recreation Department, and alleges as follows:

## GENERAL ALLEGATIONS

  1. That this is an action for damages related to a vessel in navigable waters and therefore this Court has subject matter jurisdiction, pursuant to 28 U.S.C. § 1333.

  2. That at all times material hereto, Plaintiff-subrogee, Great Lakes Reinsurance (UK) PLC ("Great Lakes"), was a foreign company with its principal place of business in London, England, and is otherwise *sui juris*.

  3. That at all times material hereto, Great Lakes was the insurer of the vessel herein, described below, against whom claims have been presented and paid, and is subrogated thereto and brings this action on its own behalf and as agent and trustee on the behalf of all parties that

may be or may become interested in said vessel as their respective interests may ultimately appear, and is entitled to maintain this action.

4. That at all times material hereto, subrogor, Orlando Torres, was a citizen and resident of Miami, Florida, and is otherwise *sui juris*.

5. That at all times material hereto, Orlando Torres was the owner and insured of a vessel identified as a 2007 33 foot Hydra-Sports ("the Vessel").

6. That at all times material hereto, Defendant, Miami-Dade County, was a political subdivision of the State of Florida, and is otherwise *sui juris*.

7. That at all times material hereto, Defendant, Miami-Dade County Park and Recreation Department, was an entity created, maintained, managed and operated by Miami-Dade County, and is otherwise *sui juris*.

8. That at all times material hereto, Miami-Dade County owned, operated, and managed Herbert Hoover Marina at Homestead Bayfront Park ("the Marina").

9. That at all times material hereto, Miami-Dade County Park and Recreation Department owned, operated, and managed the Marina.

10. Pursuant to Marina Berth Permit No.: HOW114, Orlando Torres was permitted to dock the Vessel in space number C-32 at the Marina.

11. On or about October 7, 2009, between 3:30 p.m. and 6:00 p.m., the Marina was burglarized and the Vessel was stolen.

12. Miami-Dade County and Miami-Dade County Park and Recreation Department (hereinafter at times collectively referred to as "Defendants") were responsible for, among other things, safeguarding the Marina and the Vessel while it was docked at the Marina.

13. By reason of the foregoing, Plaintiff has been damaged in an amount of not less than $178,455.00, exclusive of costs, fees, and interest.

14. Plaintiff has complied with all conditions precedent to brining this action, including but not limited to those conditions contained in Florida Statute § 768.28.

## FIRST CAUSE OF ACTION
### BAILMENT

15. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 15 as if fully set forth herein.

16. Defendants accepted the Vessel and agreed to store it in the same good order and condition as when received.

17. Defendants thereby became the bailees of the Vessel and had the duty as bailees to keep the bailed Vessel in the same good order and condition as when received.

18. Defendants failed to keep the bailed Vessel in the same good order and condition, but rather the Vessel was stolen while it was in Defendants' possession.

19. By reason of the foregoing, Plaintiff has been damaged in an amount of not less than $178,455.00, exclusive of costs, fees, and interest.

## SECOND CAUSE OF ACTION
### NEGLIGENCE

20. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

21. Defendants had a duty to exercise due and/or ordinary care in preserving, accounting for, and/or safeguarding the Vessel while in its care, custody and control in order to prevent damage and/or theft of the Vessel.

22. Defendants, by their negligence, breached their duty by failing to preserve, account for, and/or safeguard the Vessel while it was at the Marina.

23. Defendants, by their negligence, breached their duty by failing to monitor, or otherwise keep in good working order, the security cameras located at the Marina.

24. The negligence of Defendants caused the Vessel to be stolen.

25. By reason of the foregoing, Plaintiff has been damaged in an amount of not less than $178,455.00, exclusive of costs, fees, and interest.

### THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE AND WILLFUL MISCONDUCT

26. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 14 as if fully set forth herein.

27. Defendants had a duty to exercise due and/or ordinary care in preserving, accounting for, and/or safeguarding the Vessel while in its care, custody and control in order to prevent damage and/or theft of the Vessel.

28. Defendants, by their gross negligence and willful misconduct, breached their duty by failing to preserve, account for, and/or safeguard the Vessel while it was at the Marina.

29. Defendants, by their gross negligence and willful misconduct, breached their duty by failing to monitor, or otherwise keep in good working order, the security cameras located at the Marina.

30. The gross negligence and willful misconduct of Defendants caused the Vessel to be stolen.

31. By reason of the foregoing, Plaintiff has been damaged in an amount of not less than $178,455.00, exclusive of costs, fees, and interest.

**WHEREFORE**, Plaintiff, Great Lakes Reinsurance (UK) PLC, as subrogee of Orlando Torres, demands judgment on its First, Second, and Third Causes of Action of its Complaint against Defendants, Miami-Dade County and Miami-Dade County Park and Recreation Department, in an appropriate sum of not less than $178,455.00 with interest thereon, as provided by law, together with costs and disbursements of this action, and such other, further, and different relief as justice so requires.

Dated: New York, New York
April 12, 2011

**Bennett, Giuliano, McDonnell & Perrone, LLP**
*Attorneys for Plaintiff*

By: /s/ Matthew J. Cowan
Matthew J. Cowan
Florida Bar No.: 0027639
6615 West Boynton Beach Blvd., No. 351
Boynton Beach, Florida 33437
Tel: 561-337-8816
Fax: 561-337-4653
E-mail: mcowan@bgmplaw.com