## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 11-21303-Civ-COOKE/TURNOFF

GREAT LAKES REINSURANCE (UK), PLC.

     Plaintiff

vs.

MIAMI-DADE COUNTY, *et al.*,

     Defendants.

_____/

### ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before me on Defendants' Motion to Dismiss. (ECF No. 12). I have reviewed the record, the arguments and the relevant legal authorities. For the reasons explained below, the motion is granted.

### Background

On August 12, 2009, Defendant Miami-Dade County (the "County"), by and through Miami-Dade County Park and Recreation Department (the "Parks Department"), issued a permit to Orlando Torres for the sole purpose of docking a vessel at the Herbert Hoover Marina (the "Marina"). On or about October 7, 2009, the Marina was burglarized and the vessel was stolen. On April 13, 2011, Plaintiff Great Lakes Reinsurance (UK), PLC ("Great Lakes"), as subrogee of Mr. Torres, filed a three count complaint against the County and the Parks Department, asserting claims for bailment (Count I), negligence (Count II) and gross negligence and willful misconduct (Count III). Defendants have moved to dismiss the complaint for failure to state a cause of action. Great Lakes concedes that the Parks Department lacks the capacity be sued.[1]

_____

[1] The capacity to sue or be sued is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). "Although municipalities have the power to sue and be sued under

Therefore, I need only determine whether the express terms of the permit and the economic loss doctrine preclude Great Lakes' cause of action against the County.

## Legal Standard

A motion to dismiss is granted only if the plaintiff's complaint, with all factual allegations accepted as true, "raise[s] a right to relief about the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must "state a claim to relief that is plausible on its face." *Achcroft v. Igbal*, ⸺ U.S. ⸺, ⸺, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct." *Id.* While plausibility is not the same as probability, this new plausibility standards asks fore more than a "sheer possibility that defendant acted unlawfully." *Id*. Accordingly, Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Id.* While Rule 8 does not require detailed factual allegations, the "well-pled allegations must nudge the claim across the line from conceivable to plausible." *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir.2009).

When considering a motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th

---

Florida law" the Parks Department, as a division of Miami-Dade County, lacks the capacity to be sued. *See Ingraham v. Miami-Dade Cnty. Corr. and Rehab. Dep't.*, No. 09-23829, 2010 WL 3359445 at *3 (S.D. Fla. May 20, 2010).

Cir.2008).   A court's consideration, when ruling on a motion to dismiss, is limited to the

complaint and any incorporated exhibits.  *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228,

1231 (11th Cir.2000).

## Discussion

In Count I, Great Lakes claims that the County was a bailee of the vessel, had a duty to

keep the bailed vessel in good order and condition, and that the County breached that duty when

the vessel was stolen from the Marina.  "The term 'bailment' can be succinctly defined as 'a

delivery of goods or personal property in trust for another.'"  *Potts v. Budget Rent a Car Sys.,*

*Inc.*, No. 04-074, 2005 WL 3057175, at *7 (N.D. Fla. Nov. 14, 2005) (citing 8 C.J.S. *Bailments* §

2).  "A contract of bailment is 'premised upon uninterrupted retention of the title in the bailor' []

and creation of such contract 'requires that possession and control over the subject property pass

to the bailee.'"  *Id.* (citing 8A Am. Jur. 2d *Bailments* § 4).  A bailment is created "for the mutual

benefit of the parties [and] where there is no express agreement to the contrary, the law raises an

implied obligation on the part of the bailee to exercise reasonable care to preserve the property

from loss or injury, and failure to do so constitutes a breach of the contract of bailment."

*Assocrazioni Generali SPA v. Agility Logistics Corp.*, No. 08-22825, 2009 WL 4421262, at *3

(S.D. Fla. Nov. 25, 2009) (quoting *Adelman v. M&S Welding Shop, Inc.*, 105 So. 2d 802, 803

(Fla. Dist. Ct. App. 1958)).   The County argues that the permit, attached as an exhibit to its

motion to dismiss, merely granted Mr. Torres a license to use the Marina and did not create a

contractual bailment, implied or otherwise.  Indeed, the permit language expressly states that the

County did not have an obligation to safeguard the vessel.

> This Permit is for the non-exclusive use of the designated berth space only, and
> the berthing of vessels and use of such berth space is at the sole risk of the
> Permitee … and the *County shall not be responsible nor liable for the care or*
> *protection of the vessel*, her appurtenances or contents, or for any loss or damage

of any kind or nature whatsoever as a result of such berthing operations or use of the berthing space.

(*Mot. to Dismiss*, Ex. 1 ¶ 4) (emphasis added).

Great Lakes contends that because the permit was not attached to the complaint, it cannot be considered in the Court's ruling on the motion to dismiss.  Generally, the scope of a court's review on a motion to dismiss is limited to the four corners of the complaint.  *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002).  "If matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(6) motion must be concerted into a Rule 56 summary judgment motion."  *Speaker v. U.S. Dep't of Health and Human Servs. Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing Fed. R. Civ. P. 12(d)).  There is an exception, however, to this general rule.  A court may "consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed."  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).  "In this context, 'undisputed' means that the authenticity of the document is not challenged."  *Horsley v. Fledt*, 304 F.3d 1125, 1134 (11th Cir. 2002).  The permit is indeed central to Great Lakes' claims as the County's liability is premised on its express and implied contractual obligations to Mr. Torres.  Great Lakes challenges the authenticity of the permit and argues that such a challenge precludes the Court's consideration of the permit language.  This challenge, however, rests on Great Lakes' claim that Mr. Torres only signed the first page of the permit and that there is no evidence that Mr. Torres agreed to the limiting language on the permit's second page.  The face of the permit contradicts this argument as Mr. Torres acknowledged that he read and understand all the terms and conditions contained on both sides of this permit and the attached Exhibit A, and agreed to

abide by them.  The permit's terms and conditions did not create a bailment relationship between the County and Mr. Torres.  Count I fails as a matter of law.

In Counts II and III, Great Lakes alleges that the County negligently failed to safeguard the vessel while it was at the Marina.  In response, the County argues that the negligence claims are barred by the economic loss rule.  The economic loss rule is a judicially created doctrine that precludes certain tort actions where the only damages suffered by the plaintiff are economic losses.  *Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004).  The rule applies "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract."  *Id.*  Thus, "a tort action is barred where a defendant has not committed a breach of a duty apart from a breach of contract."  *Id.* (citing *Electronic Sec. Sys. Corp. v. Southern Bell Tel. & Tel. Co.*, 482 So. 2d 518, 519 (Fla. Dis. Ct. App. 1986)).  However, "[w]here a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breach the contract."  *HTP, Ltd. v. Lineas Aereas Costarricences, S.A.*, 685 So. 2d 1238, 1239 (Fla. 1996).  The Complaint fails to allege that the County had a duty independent from its contractual obligation to dock the vessel at the Marina.  Accordingly, Counts II and III fail to state a valid cause of action for negligence.

**Conclusion**

For the foregoing reasons, the Motion to Dismiss is **GRANTED**.  The Clerk is directed to **CLOSE** this case.  All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers at Miami, Florida this 31st day of October 2011.

_____

MARCIA G. COOKE
United States District Judge

Copies furnisehd to:
*Counsel of Record*